UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY CAMPBELL, <br> f/k/a MARY HOBART, <br><br> Plaintiff, <br><br> v. <br><br> SANSONE LAW, LLC, <br> d/b/a SANSONE & LAUBER, <br><br> Defendant. | No. 4:16-cv-00175-NCC |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Sansone Law, LLC's Motion to Dismiss Count I of Plaintiff Mary Campbell's First Amended Complaint (Doc. 12). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) (Doc. 9). For the following reasons, Defendant's Motion will be **GRANTED, in part.**

## I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show " 'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable references from the complaint must be drawn in favor of the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F .3d 544, 549 (8th Cir. 1999).

## II. Background

Plaintiff Mary Campbell f/k/a Mary Hobart ("Campbell") brings this action for statutory and actual damages pursuant to the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692, *et seq.* (Doc. 11). Defendant Sansone Law, LLC ("Sansone") is a debt collector (*Id.* ¶ 5). On June 10, 2015, Campbell was served with a summons and petition filed against her on behalf of J&M Securities, LLC ("J&M Securities") to collect unpaid rent debt (*Id.* ¶ 6). *J&M Securities, LLC v. Mary J. Hobart*, Case No. 15SL-AC15192 (hereinafter the "St. Louis County lawsuit"). Ben Sansone was the attorney of record for J&M Securities in the St. Louis County lawsuit (*Id.* ¶ 8). Campbell was also represented by counsel in the St. Louis County lawsuit (*Id.* ¶ 9). Campbell's counsel sent J&M Securities written discovery requests via email (*Id.* ¶ 10). During a case management conference in the St. Louis County lawsuit, Sansone, on behalf of J&M Securities, took a default judgment against Campbell (*Id.* ¶¶ 11-12). J&M Securities did

not inform the court that Campbell was represented by counsel (*Id.* ¶ 13). The St. Louis County lawsuit was subsequently dismissed with prejudice (*Id.* ¶ 16). However, the default judgment is still being reported on Campbell's credit report as an active judgment (*Id.* ¶ 18).

In the St. Louis County lawsuit, Sansone provided a 1692g notice ("Notice") to Campbell that stated, in part:

> Unless you, the defendant, dispute the validity of the debt within 30 days of receipt of this notice, the debt will assume [sic] to be valid by the undersigned attorneys. If you notify the undersigned attorney in writing within this 30 day period that the debt or any portion thereof is disputed, the undersigned will obtain verification of plaintiff's position and mail it to you.

(*Id.* ¶ 22).

In her First Amended Complaint, Campbell alleges the following specific violations of the FDCPA: (1) attempting to collect an amount not authorized by agreement in violation of 15 U.S.C. § 1692f(1); and (2) engaging in false, deceptive and misleading means in connection with debt collection in violation of 15 U.S.C. § 1692e preface and § 1692e(10). Sansone moves to dismiss both claims and additionally seeks to dismiss any possible claims under § 1692d, § 1692f, and § 1692g. Although Sansone moves to dismiss Campbell's § 1692d and § 1692f claims, no such claims were included in the First Amended Complaint and, therefore, Defendant's argument regarding these claims will not be discussed.[1] Although Campbell cites to § 1692g elsewhere in her First Amended Complaint, she specifically disavows the claim in her response.[2] Accordingly, the Court will also not address any potential § 1692g claim.

---

[1] The Court notes that Campbell responds to these arguments in her response. Again, however, the First Amended Complaint does not include any reference, even in passing, to § 1692d or § 1692f and, accordingly, the Court will not construe such claims to be included. *See* Fed. R. Civ. P. 12(b)(6).

[2] In her response, Campbell states, "Plaintiff has not asserted a violation of § 1692g in her

3

### III. Analysis

**A. 15 U.S.C. § 1692f(1)**

Campbell first asserts Sansone violated § 1692f(1) by attempting to collect an amount not authorized by agreement. Section § 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Campbell's § 1692f(1) claim against Sansone stems from the fact that J&M Securities was granted a default judgment for the principal amount of the debt, attorney's fees, court costs, and interest: "Plaintiff's injury resulted from Sansone's deceptive and misleading conduct in taking a default judgment against a represented [party] who intended to defend the St. Louis County lawsuit" (Doc. 14 at 5). Sansone asserts that Campbell's claim is barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine deprives federal district courts of subject matter jurisdiction in actions seeking review and reversal of state court judgments. *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). Thus, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008). "If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Id.*

---

Amended Complaint" (Doc. 14 at 6).

4

Consequently, *Rooker-Feldman* does not bar an FDCPA claim challenging a defendant's debt collection practices, to the extent such practices do not implicate a state court judgment. But it bars claims that would either directly or " 'effectively reverse the state court decision or void its ruling.' " *Kramer & Frank, P.C. v. Wibbenmeyer*, No. 4:05-CV-2395-RWS, 2007 WL 956931, at *1 (E.D. Mo. Mar. 6, 2007) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)); *see, e.g., Ness v. Gurstel Chargo, P.A.*, 933 F. Supp. 2d 1156, 1162 (D. Minn. 2013) (collecting cases); *Smith v. Kramer & Frank, P.C.*, No. 4:09-CV-802-FRB, 2009 WL 4725285, at *2-3 (E.D. Mo. Dec. 2, 2009) (rejecting *Rooker-Feldman* challenge to FDCPA claims). Ultimately,

> [t]o determine whether *Rooker-Feldman* bars [a plaintiff's] federal [claim] requires determining exactly what the state court held and whether the relief requested by [the plaintiff] in [her] federal action requires determining the state court's decision is wrong or would void its ruling. If the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the [claim].

*Charchenko*, 47 F.3d at 983.

When the state court entered default judgment against Campbell, it necessarily determined that she owed the amounts set forth by the judgment. This Court is barred by *Rooker-Feldman* from invalidating any part of that judicial determination. An inextricably intertwined component of the state court's determination was that J&M Securities was entitled to collect that amount of the judgment. Even if J&M Securities was not lawfully entitled to collect that amount, no FDCPA claim can arise from J&M Securities having sought and obtained default judgment in that amount. For this Court to hold otherwise would require the Court to invalidate a portion of the default judgment. Furthermore, as indicated by Campbell in her First Amended

5

Complaint, the St. Louis County lawsuit was subsequently dismissed with prejudice and, to the extent the report of the default judgment on her credit report may cause her any injury, the FDCPA is not the proper vehicle with which to pursue a claim. Accordingly, the Court will grant Sansone's Motion to Dismiss as it relates to Campbell's § 1692f(1) claim.

**B. 15 U.S.C. § 1692e(10)**

Campbell next asserts Sansone violated § 1692e(10) by engaging in false, deceptive and misleading means in connection with debt collection. Under the FDCPA, a debt collector must, within five days of the initial communication, provide the debtor: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. §1692g(a). However, as both parties concede, the Notice in this case was not required because a legal pleading or petition is not an "initial communication" under the FDCPA. *See* 15 USC § 1692g(d); *Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003). Accordingly, Campbell argues that the Notice was a material misrepresentation pursuant to § 1692e(10) because the Notice was unnecessary and nonetheless indicated to Campbell that she had dispute rights when she did not.

6

Section 1692e of the FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A debt collector violates this rule by "[t]he use of *any* false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10) (emphasis added). In evaluating whether the Notice is false, misleading or deceptive, it must be viewed "through the eyes of the unsophisticated consumer." *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000). "The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, and debt collectors are liable for failure to comply with any provision of the Act." *Dunham v. Portfolio Recovery Assoc., LLC*, 663 F.3d 997, 1000 (8th Cir. 2011) (quoting *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006)).

Sansone asserts that § 1692e(10) may not be triggered without also an accompanying § 1692g(a) violation and because no § 1692g(a) violation occurred in this case, the Court must dismiss Campbell's § 1692e(10) claim. Indeed, both the Sixth and Ninth Circuits hold that a notice that does not violate the requirements of § 1692g(a) cannot violate § 1692e(10). *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 512 (6th Cir. 2007); *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1057-58 (9th Cir. 2002). However, the Eighth Circuit has yet to address this issue and a recent decision from this district implies the contrary. In *Payne v. Sansone Law, LLC,* a companion case, the Honorable Judge Carol E. Jackson dismissed plaintiff's § 1692g claim. In doing so, Judge Jackson, stated:

> . . . plaintiff argues that defendant violated § 1692g(b) by including in the state court petition a notice that was not required, and, therefore, its collection activities overshadowed and were inconsistent with her right to dispute the debt. She alleges that inclusion of the notice "could serve no other possible purpose but to deceive the least

7

sophisticated consumer with respect to their rights under the FDCPA and/or how or when to dispute the debt." However, *this claim properly sounds in § 1692e(10)*, which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," a claim that defendant concedes is plausible and that it has not sought to dismiss.

*Payne v. Sansone Law, LLC,* No. 4:15-CV-795-CEJ, 2016 WL 827943, at *5 (E.D. Mo. Mar. 3, 2016) (internal citations omitted) (emphasis added).

While § 1692e(10) may not generally be triggered without also a § 1692g(a) violation with it, the Court finds the alleged facts, in the light most favorable to Campbell, are sufficient to support a stand-alone § 1692e(10) claim. This case is distinguishable from *Renick* and *Federal Home Loan Mortgage* because, unlike in *Renick* or *Federal Home Loan Mortgage* where the parties did not dispute that an initial communication triggering § 1692g(a) had occurred, here the parties concur that an initial communication has not occurred. Regardless, the Court finds that to send a consumer an unnecessary notice pursuant to § 1692g, during the pendency of a lawsuit, could confuse an unsophisticated consumer. *Battle v. Gladstone Law Grp., P.A.*, 951 F. Supp. 2d 1310, 1315 (S.D. Fla. 2013) (finding plaintiff had sufficiently pled a § 1692e(10) violation because the "least sophisticated consumer" could be deceived or confused when the summons sets out a 20-day deadline to respond to the lawsuit and the notice provides for a 30-day deadline). The consumer may thereafter be faced with questions regarding whether she needs to answer the petition or dispute the debt in another fashion as indicated in the notice. *Id.* Therefore, at this stage of the litigation, the Court declines to find as a matter of law that the inclusion of the § 1692g Notice in the St. Louis County lawsuit was not a violation of the FDCPA.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sansone Law, LLC's Motion to Dismiss Count I of Plaintiff Mary Campbell's First Amended Complaint (Doc. 12) is **GRANTED, in part**. Plaintiff Mary Campbell's claim pursuant to § 1692f(1) is hereby **DISMISSED**. A partial order of dismissal will accompany this Order.

**IT IS FURTHER ORDERED** that a Rule 16 Conference shall be set by separate order.

Dated this 2nd day of August, 2016.

                                                            /s/ Noelle C. Collins
                                                          NOELLE C. COLLINS
                                                          UNITED STATES MAGISTRATE JUDGE